UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE BURRELL, ET AL.                                    CIVIL ACTION

VERSUS                                                                  NO. 19-14711

ROBERT PHILLIPS, ET AL.                                   SECTION "A" (5)

**<u>ORDER AND REASONS</u>**

Before the Court are a Motion for Partial Summary Judgment by Plaintiffs Dwayne Burrell and Devin Russell (Rec. Doc. 52) and a Motion for Partial Summary Judgment by Defendant GEICO Casualty Company ("GEICO") (Rec. Doc. 55). For the following reasons, both Motions are DENIED.

**I.    Background**

This case involves a motor vehicle accident that occurred on August 25, 2018 in Calhoun, Louisiana. (Rec. Doc. 52-1, p .1, Plaintiffs' Memorandum in Support). On May 13, 2019, Plaintiffs filed a Petition for Damages alleging they suffered injuries as a result of the accident. *Id.* Plaintiffs filed their action in Civil District Court, Parish of Orleans, State of Louisiana. *Id.* The defendants named in the lawsuit were Robert Phillips, the driver of the other vehicle; USAA Casualty Insurance Company ("USAA"), as Mr. Phillips' automobile liability carrier; and GEICO, as the UM carrier. *Id.* Plaintiffs settled their claims against Mr. Phillips and USAA for policy limits of $100,000.00 for each plaintiff. *Id.* GEICO subsequently removed the matter to this Court. Id. Since the settlement of the suit with USAA and Mr. Phillips, Plaintiff Dwayne Burrell has received $10,000.00 in medical payments and $86,411.87 in UM tenders from GEICO, and Plaintiff Devin Russell has received $10,000.00 in medical payments and $85,354.75 in UM tenders from GEICO. *Id.*

## II.     Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."

*Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d. 425, 430 (E.D. La. 2005).

### III.    Law and Analysis

#### A. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs filed a Motion seeking partial summary judgment on the following issues: liability, coverage, causation, and bad faith. GEICO has advised Plaintiffs that it stipulates to liability in this matter. (Rec. Doc. 58, p. 3, GEICO's Opposition). However, the Court notes that Plaintiffs do not join in said stipulation. *Id*. Additionally, GEICO does not deny coverage. *Id*. Therefore, these issues are now moot.

Next, Plaintiffs assert that they are entitled to partial summary judgment on the issue of medical causation.

Under Louisiana law,

> [i]n a personal injury suit [a] plaintiff bears the burden of proving a causal relation between the injury sustained and the accident which caused the injury. *American Motorist Insurance Co. v. American Rent–All, Inc.*, 579 So.2d 429 (La. 1991); *Aucoin v. State Farm Mut. Auto. Ins. Co.*, 505 So.2d 993 (La. App. 3d Cir. 1987); *Richard v. Walgreen's Louisiana Co.*, 476 So.2d 1150 (La. App. 3d Cir. 1985). Plaintiff must prove causation by a preponderance of the evidence. *Morris v. Orleans Parish School Bd.*, 553 So.2d 427 (La. 1989). The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. *Mart v. Hill*, 505 So.2d 1120 (La. 1987*); Villavaso v. State Farm Mut. Auto. Ins. Co.*, 424 So.2d 536 (La. App. 4th Cir. 1982).

*Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759. "To recover damages for aggravation of a pre-existing condition, the tort plaintiff is required

to establish a causal link between the tortious conduct and the aggravation of the pre-existing condition, and the test to determine if that burden has been met is whether the plaintiff proved through medical testimony that it is more likely than not that the subsequent injuries were caused by the tortious conduct." *Guillory v. Lee*, 2009-0075 (La. 6/26/09), 16 So. 3d 1104.

"Causation is an issue of fact that is generally decided at the trial on the merits." *Estate of Adams v. Home Health Care of Louisiana*, 775 So.2d 1064, 1065 (La. 2000); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-3830, 2009 WL 1393711, at *3 (E.D. La. May 18, 2009) (quoting same).

Plaintiffs contend that, based on excerpts from their medical records, expert reports, and the deposition of their treating physician, it is undisputed that it is more probable than not that their injuries were caused by the August 25, 2018 accident. (Rec. Doc. 52-1, p. 6-10, Plaintiffs' Memorandum in Support). However, GEICO argues that Plaintiffs paint an incomplete picture of their medical records and the expert witnesses' opinions on causation. (Rec. Doc. 58, p. 4, GEICO's Opposition). Thus, the Court finds that there are genuine issues of material fact regarding causation that would be best determined by the jury at trial.

Lastly, Plaintiffs assert that they are entitled to partial summary judgment on the issue of bad faith. Plaintiffs argue that GEICO breached its duty under La. R.S. 22:1973(B)(1) by misrepresenting pertinent facts in its Answer to Plaintiffs' Second Supplemental & Amended Complaint for Damages. (Rec. Doc. 52-1, p. 11, Plaintiffs' Memorandum in Support).

### B. GEICO's Motion for Partial Summary Judgment

In its Motion for Partial Summary Judgment on Plaintiffs' Claim for Statutory Penalties & Attorney Fees, GEICO argues that Plaintiffs' claim for bad faith damages should be dismissed, because there is no evidence that GEICO has made any misrepresentation to Plaintiffs nor failed to disclose information to them in order to delay or refuse to make UM payments. (Rec. Doc. 55-1, p. 19-20, GEICO's Memorandum in Support).

Section 22:1973(A) states that an insurer "has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." La. Rev. Stat. § 22:1973(A). The Louisiana Supreme Court has found that the insurer's "obligation to act in good faith is triggered by knowledge of the particular situation, which knowledge '[t]he insurer has an affirmative duty' to gather during the claims process." *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15), 169 So.3d 328.  In other words, an insurer has a duty to conduct "a thorough investigation" and to consider "the evidence developed in the investigation" when determining whether to settle or litigate. *See Smith v. Audubon Ins. Co.*, 95-2057 (La. 9/5/96), 679 So.2d 362, 377.

An insurer can be found liable under Section 22:1973(B)(1) "for misrepresenting or failing to disclose facts," even if those facts are not related to the insurance policy's coverage. *Kelly*, 169 So.3d at 344. Additionally, Section 22:1973(B)(5) establishes that an insurer can be found in breach of its duty of good faith if it fails to pay a claim within sixty days following receipt of satisfactory proof of loss if the failure to pay is "arbitrary, capricious, or without probable cause." La. Rev. Stat. § 22:1973(B)(5). "Arbitrary and capricious" has been interpreted by the Louisiana Supreme Court to mean "vexatious,"

and a "vexatious refusal to pay means unjustified or without reasonable or probable cause or excuse." *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107 (La. 10/21/03), 857 So.2d 1012. "An insurer does not act arbitrarily and capriciously, however, when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage." *Dickerson v. Lexington Ins. Co.*, 556 F.3d at 299 (citing *Calogero v. Safeway Ins. Co. of Louisiana*, 1999-1625 (La. 1/19/00), 753 So. 2d 170, 174). Ultimately, the determination of whether an insured acted in bad faith depends on the facts and circumstances of a particular case.

"Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations concerning the reasonableness of the insurer's actions." *Johnson v. State Farm Mut. Auto. Ins. Co.*, 11-1991, 2012 WL 1745497, at *4 (E.D. La. May 16, 2012) (Africk, J.).[1] Because the Court finds that there is a genuine dispute of material fact as to the reasonableness of GEICO's actions, these factual disputes would be best determined by the trier of fact.

Accordingly;

**IT IS ORDERED** that the Motion for Partial Summary Judgment by Plaintiffs Dwayne Burrell and Devin Russell (Rec. Doc. 52) and the Motion for Partial Summary Judgment by Defendant GEICO Casualty Company ("GEICO") (Rec. Doc. 55) are **DENIED**.

February 24, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Louisiana Supreme Court has stated that "[t]he statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003).